Martin, J.
This action is brought on a promise of the defendants, that they, or either of them, would pay the plaintiffs, or their orders, two dollars a day, for every day they should keep the latter's keel-boat, in the possession of the former, from February 7th, 1820, in the morning; and that, in case of her loss, or they thought proper to keep her, they should pay $200, for her, besides the two dollars per day, till the purchase money be paid. The petition charges, that the defendants kept the boat till the 4th of June, when they refused delivering her.
Both defendants were cited, but Fristoe alone answered. He denied all the facts alleged, and averred, that he, the plaintiff, can only recover $200, the value of the boat, and the defendants cannot be bound to pay the price of the boat, and two dollars a day for the use of her. That he had a right to keep the boat, from the day it was delivered, at $200; and he so kept her.
The district judge deeming “the law and evidence for the plaintiff," gave judgment that *358 the defendants pay $200, with interest, at ten per cent, till paid, with costs. The plaintiff appealed.
The instrument may be considered as proven, because Fristoe, although called upon to answer on oath, whether he signed it, did not do so.
It appears from the very words of the instrument, that the defendants might consider the contract in the light of a contract of sale, since $200 are mentioned as the purchase money. No period was fixed at which they were to make their election to consider it in the other alternative, that of a contract of hire; neither were they bound, at any time, to give any notice of their having made their option.
The district judge was therefore correct in allowing to the plaintiffs the purchase money, viz. $200. He could not allow the two dollars per day, till payment; for that would be more than the ten per cent. which is the maximum which the law permits, for the use or detention of money; and he was likely induced to allow interest at that rate, by the decision of the superior court of the late territory, in the case of Caizergues vs. Jarreau, where exorbitant interest was reduced to the *359 highest constitutional rate. As the defendant has not appealed, we cannot enquire into the legality of this allowance.
Baldwin for the plaintiffs, Thomas for the defendants.
I think we ought to affirm the judgment.